572 S.E.2d 898

Leon **RICHARDS** and Elaine **Richards,**
Plaintiffs Below, Appellants,

v.

Roy **KEES** and Allstate Insurance Company, a Corporation, Defendants Below, Appellees.

No. 30467.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 9, 2002.

Decided Oct. 31, 2002.

Michael R. Whitt, Lewisburg, for the Appellants.

Joseph K. Reeder, Timbera C. Wilcox, Rose & Atkinson, Charleston, for the Appellee, Roy Keys.

PER CURIAM.

Appellants Leon Richards and Elaine Richards appeal from the August 28, 2001, order of the Circuit Court of Fayette County granting summary judgment to Appellees Roy Kees and Allstate Insurance Company ("Allstate"). At issue below was whether the transmittal of a $200 check by Allstate to Mr.

Richards and the cashing of that check, which contained words indicating that it was in final settlement of any bodily injury claims arising from an automobile accident, constituted an accord and satisfaction. The circuit court based its grant of summary judgment on its decision that the doctrine of accord and satisfaction was met under the facts of this case. We disagree and, accordingly, reverse.

## I. Factual and Procedural Background

Mr. Richards was involved in an automobile accident on December 30, 1998, when a vehicle being driven by Appellee Roy Kees struck Mr. Richards' vehicle from behind. Although Mr. Richards did not seek out immediate medical attention, he did consult a physician about a week after the accident in connection with severe headaches and a serious nose bleed.

Following the accident, Mr. Richards began negotiations with Allstate, Mr. Kees' liability insurer, in connection with the property damage his vehicle sustained as a result of the accident. During the course of those negotiations, Mr. Richards was advised by Dave Danner, the Allstate insurance adjuster, that a $200 check would be forthcoming in addition to the separate payment for their property damage claim in the amount of $1600. Mr. Richards testified that his understanding concerning the issuance of the $200 check was payment for his "good leg work" [1] and to cover the costs of the long distance phone bills he had incurred in communicating with the adjuster.

A check issued by Allstate dated January 11, 1999, for the amount of $200, was transmitted to Mr. Richards. On the top left hand corner of the face of the check there was a notation indicating the following: "FINAL SETTLEMENT OF ANY AND ALL CLAIMS ARISING FROM BODILY INJURY CAUSED BY ACCIDENT ON 12/30/98." Mr. Richards received the check and presented the same for payment. When he later attempted to advance a claim for bodily injury arising from the accident, All-

state denied the claim, asserting that an accord and satisfaction had occurred based on Mr. Richards' cashing of the $200 check.

The Richards instituted a cause of action against Mr. Kees and Allstate following the denial of their bodily injury claim.[2] In response to the lawsuit, Allstate filed a motion for summary judgment on the grounds of accord and satisfaction. Appellants responded to the summary judgment motion by arguing that Mr. Richards, who has an eighth grade education, is functionally illiterate and that there had been no discussions between Mr. Richards and Allstate concerning the settlement of a bodily injury claim. The circuit court granted summary judgment on the grounds of accord and satisfaction, and Appellants seek a reversal of that decision.

## II. Standard of Review

■ "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Accordingly, we proceed to determine whether error was committed in issuing a grant of summary judgment under the facts of this case.

## III. Discussion

■ We applied the three-prong standard for establishing an accord and satisfaction in *Peavy:*

"To show an accord and satisfaction, the person asserting the defense must prove three elements: (1) Consideration to support an accord and satisfaction; (2) an offer of partial payment in full satisfaction of a disputed claim; and (3) acceptance of the partial payment by the creditor with knowledge that the debtor offered it only upon the condition that the creditor accept the payment in full satisfaction of the disputed claim or not at all." Syllabus Point 1, *Charleston Urban Renewal Authority v. Stanley*, 176 W.Va. 591, 346 S.E.2d 740 (1985).

*Peavy*, 192 W.Va. at 190–91, 451 S.E.2d at 756–57, syl. pt. 5.

1. As to what "good leg work" referred to, Mr. Richards testified that it was in connection with his efforts in taking various documents, such as the police report and citations received by Mr. Kees, to the State Police Headquarters in Oak Hill from where those documents were apparently transmitted via facsimile to Allstate.

2. Their claim of bad faith has been bifurcated and stayed pending resolution of the claims against Mr. Kees.

Appellees suggest that just as in *Peavy,* the facts of this case demonstrate the three elements necessary to find an accord and satisfaction. Appellees contend that the language conspicuously written on the face of the check clearly constitutes the offer; the check was the consideration; and the cashing of the check constituted Mr. Richards' acceptance of the offer. In response to Mr. Richards' claim of cashing the check totally unaware of the "final settlement" language or its significance, Appellees argue that "the court in *Peavy* prevented the plaintiff in that case from claiming the status of a wary person, ignorant of the law and its consequences."

Appellees misconstrue the *Peavy* case and its application to the case *sub judice.* There are several significant distinctions between the facts presented in *Peavy* and the facts involved in the present case. Critically, the plaintiff in *Peavy* did not cash the check herself; she transmitted it to her attorney who cashed it with the notation "deposited under protest" on the back of the check. In recognition of the attorney's involvement in the check cashing at issue in *Peavy,* this Court observed: "This is not a case where a wary person, ignorant of the law, made a mistake." 192 W.Va. at 194, n. 9, 451 S.E.2d at 760, n. 9. We did not, however, as Appellees suggest, indicate that ignorance or unawareness of the settlement language would have no bearing on the issue of accord and satisfaction in other cases.

Another critical distinction between *Peavy* and this case is the submission of medical bills prior to the transmittal of the partial settlement check. In *Peavy,* the plaintiff had submitted receipts reflecting medical treatment in the amount of $708.60 prior to the transmittal of the $750 settlement check. In stark contrast, Mr. Richards had not submitted any medical bills at the time of his receipt of the $200 check, and there had been absolutely no discussion whatsoever between Mr. Richards and Allstate with regard to a medical claim related to the accident.

Unlike the cashing of the check in *Peavy,* there was no notation made by Mr. Richards upon his cashing of the check. In *Peavy,* we viewed the notation that the $750 settlement check was being presented for payment "under protest" as further evidence that the plaintiff in that case was aware of the condition upon which the check was being offered. 192 W.Va. at 193, 451 S.E.2d at 759. There is no comparable evidence in this case to demonstrate an awareness on Mr. Richards' part with regard to the condition of full settlement of his bodily injury claims.

Upon a full review of the facts involved in this case, we simply cannot conclude that the critical third element of the accord and satisfaction test was met: the acceptance with "knowledge that the debtor offered it only upon the condition that the creditor accept the payment in full satisfaction of the disputed claim." *Peavy,* 192 W.Va. at 190, 451 S.E.2d at 756, syl. pt. 5, in part. The absence of any submitted medical bills; the complete absence of any discussion regarding a bodily injury claim; and the evidence of Mr. Richards' limited education and understanding all point to the fact that Mr. Richards' cashing of the $200 check did not constitute an accord and satisfaction under the facts of this case.

Based on the foregoing, the decision of the Circuit Court of Fayette County is hereby reversed.

Reversed.